## CIRCUIT COURT OF FAIRFAX COUNTY

Reginald Floyd

v.

O'Briskie et al.

April 1, 1994

Case No. (Law) 121385

BY JUDGE ROSEMARIE ANNUNZIATA

Plaintiff Reginald Floyd was injured in two successive accidents which occurred during the scope of his employment and for which he was compensated by National Union Fire Insurance Co., his employer's insurance carrier, in the approximate amount of $8,500. Subsequent to receiving the workers' compensation benefits, Floyd brought suit against the two individuals who were involved in the accidents and obtained a jury verdict against one of the tortfeasors for approximately $21,900. The matter now before the Court is National Union's post-verdict motion to incorporate a workers' compensation lien into the final judgment order.

The plaintiff objects to the motion, asserting that National Union has lost its right to recover by failing to comply with the requirements of Va. Code § 65.2–310. Specifically, Floyd contends that this Code section requires the insurance carrier to petition or to file a motion to have the court ascertain the amount of the lien prior to the rendering of a verdict in the case in order to preserve its right to reimbursement.

Having considered the arguments and memoranda of counsel, as well as the relevant law and evidence, I find that National Union's motion should be granted for the following reasons. Under Virginia law, when an employee injured by a third party makes a claim against his employer for workers' compensation benefits, such a claim operates as an assignment to the employer or its insurance carrier of the employee's right to recover damages against the third party. Va. Code

§ 65.2–309. *Safety-Kleen Corp. v. Van Hoy*, 225 Va. 64 (1983); *Noblin v. Randolph Corp.*, 180 Va. 345 (1942). The purpose of the statute is to prevent an employee from obtaining double recovery for the same injury and to provide a vehicle for reimbursement to an employer who has paid a claim as a result of the negligence of a third party. *Gartman v. Allied Towing Corp.*, 467 F. Supp. 439 (E.D. Va. 1979); *Sheris v. Traveler's Ins. Co.*, 491 F.2d 603 (4th Cir. 1974); *Noblin v. Randolph Corp.*, 180 Va. 345 (1942). National Union is thus clearly entitled to reimbursement for the benefits it paid to Floyd. Va. Code § 65.2–310. *Noblin v. Randolph Corp.*, 180 Va. 345 (1942); *Sheris v. Traveler's Ins. Co.*, 491 F.2d 603 (4th Cir.), *cert. denied*, 419 U.S. 831 (1974).

In contending that National Union must invoke the provisions of Va. Code § 65.2–309 to protect its lien, Floyd urges a reading of the statute which would effectively circumvent its purpose, extinguishing the right to reimbursement and providing an unintended windfall to the employee. The reading is too narrow and fails to consider other principles of law which may be invoked by the employer to protect its lien.

First, I find that the requirements of this Code section are limited to cases in which a dispute concerning the lien exists. Upon petition or motion in such cases, the Court is required to determine the employer's claim, so that all interested parties' claims may be fully and properly submitted to the trier of fact before a verdict is reached. By implication, in those cases where the amount of the lien has been established by the parties and no dispute remains for the Court to resolve, and where the employee has not challenged the employer's assertion of the lien or its right to recover, it is my opinion that the employer need not proceed under Va. Code § 65.2–310 in order to enforce its lien. *See, Barbour v. Residential Electric, Inc.*, 68 O.I.C. 242 (1989) (The Commission found that the employer may recover on its lien without petitioning the Court under Va. Code § 65.2–310 where the amount and existence of the lien were undisputed and where the employee, by his conduct, manifested an intent to honor the lien). *See also, Employers Insurance Co. v. Great American*, 214 Va. 410 (1973) (Estoppel is the consequence worked by operation of law which enjoins one whose action or inaction has induced reliance by another from benefitting from a change in his position at the expense of the other).

Here, the invocation of the Court's jurisdiction to ascertain the lien is not necessary. First, I note that the employer asserted its lien pre-

trial and, except for medical costs in the amount of $100, its lien was not disputed. Second, with the possible exception of the disputed medical costs of $100, the claim was fully submitted to the jury when the employee's medical costs were admitted into evidence. Finally, while the employee never expressly agreed to protect the lien, such an agreement can be clearly implied from the correspondence between the parties, and the employee is now estopped from asserting a contrary position.

Accordingly, the Court's order will incorporate the workers' compensation lien, minus its *pro rata* share of attorney's fees and costs and minus the amount of the medical costs in dispute at the time of verdict referenced above and which cannot now be ascertained by the Court pursuant to Va. Code § 65.2–310.