COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Coleman
Argued at Alexandria, Virginia


ATIF BEYAH SALEEM, A/K/A
 WILBERT ROBINSON

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2845-00-4          JUDGE SAM W. COLEMAN III
                                         NOVEMBER 20, 2001
PAMALA LOUISE BEVELS SALEEM


              FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                     Herman A. Whisenant, Jr., Judge

          Atif Beyah Saleem, pro se.

          No brief or argument for appellee.


     Atif Beyah Saleem, a convicted felon presently incarcerated

at Nottoway Correctional Center, appeals the trial court's

dismissal of his bill of complaint seeking a dissolution of his

marriage to Pamala Saleem pursuant to Code § 20-91(A)(3).[1]  The

trial court found that it was the "general practice of this

judicial circuit to appoint a Commissioner in Chancery to make

factual inquiry in cases of this sort, but that such inquiry is

precluded in instances where Complainant is incarcerated in a

─────────────

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Code § 20-91(A)(3) provides that a divorce may be granted
"[w]here either of the parties subsequent to the marriage has
been convicted of a felony, sentenced to confinement for more
than one year and confined for such felony subsequent to such
conviction."

state penal facility."  The sole question on appeal is whether the trial court erred in dismissing Saleem's bill of complaint because he is incarcerated.  We hold that the trial court erred, and reverse and remand.

"Convicts are not civilly dead in Virginia, and . . . [are] not legally incompetent to transact business either before or after [a] conviction in the criminal case."  Dunn v. Terry, 216 Va. 234, 239, 217 S.E.2d 849, 854 (1975).

Code § 8.01-410 provides in pertinent part:

> Whenever any party in a civil action in any circuit court in this Commonwealth shall require as a witness in his behalf, a convict or prisoner . . . the court, on application of such party or his attorney may, in its discretion . . . issue an order to the Director of the Department of Corrections to deliver such witness to the sheriff of the jurisdiction of the court issuing the order.

If a prisoner's civil claim "falls within the jurisdictional limits of the circuit court, he may bring the claim there and, under Code § 8.01-410, the circuit court will have the discretion to enter a transportation order to provide for his court appearance."  Commonwealth v. Brown, 259 Va. 697, 707, 529 S.E.2d 96, 101 (2000).

Code § 8.01-410 also provides that "any party to a civil action in any circuit court in this Commonwealth may take the deposition of a convict or prisoner in the institution . . . ."  Code § 8.01-614 provides that a commissioner in chancery "may,

-

if it shall appear to him necessary, adjourn such proceedings, to any place within the Commonwealth and there continue such proceedings . . . ."

Jurisdiction for a divorce suit lies with the circuit courts.  See Code § 20-96.  Saleem's bill of complaint seeking the dissolution of his marriage was properly filed with the circuit court.  While Code § 8.01-410 authorizes the transportation of a convict to a circuit court for a civil proceeding, in the discretion of the court, the court instead dismissed the suit.  Thus, the court, did not reach the issue whether in the exercise of its sound discretion it should provide for the transportation of the convict to the court in order to maintain his divorce suit or should authorize the commissioner in chancery pursuant to Code § 8.01-614 to "adjourn [the] proceedings" to the Nottoway Correctional Center.  Furthermore, upon the record before us, the court did not afford Saleem the opportunity to present his evidence by deposition.  See Brown, 259 Va. at 707, 529 S.E.2d at 101 (finding that alternative means of producing evidence, by deposition or telephonic hearing, are adequate means to assure a convict a fair hearing, for civil claims in district courts).  We hold that Saleem is entitled to assert his civil claim before the circuit court and that the court erred by dismissing the suit.

The decree dismissing Saleem's bill of complaint, because he is incarcerated and unable to attend a factual hearing by a

-

commissioner in chancery, is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.