# CIRCUIT COURT OF THE CITY OF ROANOKE

Vogen Funding, L.P.

v.

Stephen Wener,
Kenneth C. Ehrhardt,
and G. Barry Morrow

August 8, 2010

Case No. CL09-167

BY JUDGE CLIFFORD R. WECKSTEIN

I have received a copy of Mr. Fleischhauer's e-mail dated Friday, August 6, 2010, with attached transmittal and notice of hearing. I have observations about something Mr. Fleischhauer said in his e-mail and about something he did not say in his notice of hearing.

### The E-mail

Mr. Fleischhauer's statement "Please be advised that, if you attend telephonically, local Virginia counsel must be present, as per Judge Weckstein" might imply that he had spoken *ex parte* with me about this. He did not. He does accurately repeat what I have said about earlier hearings. This is not "per Judge Weckstein." It is "per" Rule 1A:4(2) of the Rules of the Supreme Court of Virginia, which says, in part, that "Local counsel shall personally appear and participate in pretrial conferences, hearings, trials, or other proceedings actually conducted before the tribunal."

In a different context, the Supreme Court of Virginia distinguished between "personally appear", *i.e.*, appearing bodily, in person, before the court, and appearing via "telephonic conference." *Commonwealth, ex rel. Virginia Dep't of Corrections v. Brown*, 259 Va. 697, 704, 706-07, 529 S.E.2d 96, 100-102 (2000); *cf. Mabe v. Wythe County Dep't of Soc. Servs.*, 53 Va. App. 325, 671 S.E.2d 425 (2009).

In any other situation, as I see it, a trial judge would have discretion to allow a Virginia lawyer to appear at a pretrial conference or hearing by teleconference. But when local counsel appears with counsel admitted *pro hac vice*, the trial court has no such discretion. As in *Brown*, the applicable maxim of construction is *expressio unius est exclusio alterius* (or, as Justice Scalia prefers, and perhaps more accurately here, "*inclusio unius est exclusio alterius.*" *Holland v. Florida*, 130 S. Ct. 2549, 177 L. Ed. 2d 130,145 (2010)).

### The Hearing Notice

Rule 4:15 sets forth procedures by which "[a]ll civil case motions in circuit court shall be scheduled and heard." Subsection (b) of that rule says that:

> Counsel of record shall make a reasonable effort to confer before giving notice of a motion to resolve the subject of the motion and to determine a mutually agreeable hearing date and time. The notice shall be accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

The notice that Mr. Fleischhauer sent with his August 26 e-mail does not contain the required certificate. There will be no hearing on September 1 unless that certification has been filed. I understand the word "confer" in Rule 4:15 to mean "to hold conversation or conference." *Webster's Third New International Dictionary* at 475. That is, to confer is to discuss, not to send dueling letters to the court or e-mails to opposing counsel. The word, derived from the Latin *conferre* (to bring together), *id.*, connotes to me actual discussion, in person or by telephone. No Rule 4:15 certificate should be filed unless "conferred" and "confer" are used in that way.