## CIRCUIT COURT OF THE CITY OF SALEM

Crawford Construction
and General Contractors, Inc.

v.

Mike Kemp
and Mimi Kemp

January 15, 2013

Case No. CL11-153

BY JUDGE CLIFFORD R. WECKSTEIN

Within the last few days, I have received copies of a number of documents filed in anticipation of the January 23 hearing. Some of what I have seen in these papers compels me to make some comments and to do so at the earliest possible moment.

These comments stem in part from my nondelegable duty under Canon 3(A)(3) of the Canons of Judicial Conduct for the State of Virginia: "A judge shall require order, decorum, and civility in proceedings before the judge." Va. Sup. Ct. R., pt. 6, sec. III, Canon 3(A)(3); *Kesselhaut v. United States*, 555 F.2d 791, 794, 214 Ct. Cl. 124 (1977) (nondelegable duty); *In re Asbestos Cases*, 514 F. Supp. 914, 919 (E.D. Va. 1981) (same).

In matters of civility, there is an expected norm for those who practice in state and federal courts in the Roanoke Valley. The judges who preside in these courts are determined to maintain these prevailing standards. These standards are consistent with the *Principles of Professionalism for Virginia Lawyers* that have been endorsed by the Supreme Court of Virginia and by all statewide bar organizations. The *Principles* and Chief Justice Hassell's letter noting Supreme Court approval and adoption by all statewide bar organizations may be found at http://www.vsb.org/pro-guidelines/index.php/principles/.

The preamble to these *Principles* reminds Virginia lawyers that the oath taken upon admission to the Bar of this Commonwealth contains a pledge to demean oneself "professionally and courteously." *Ad hominem* attacks, bitterness, and biting sarcasm upon or about opposing counsel are

inconsistent with that pledge and with the decorous and appropriate conduct of litigation. Yet one could find examples of all of these things, and more, in recent filings from both sides. Let us remember that:

> In adversary proceedings, clients are litigants and though ill feeling may exist between the clients, such ill feeling should not influence a lawyer's conduct, attitude, or demeanor towards opposing counsel. A lawyer should not make unfair or derogatory personal reference to opposing counsel. Haranguing and offensive tactics by lawyers interfere with the orderly administration of justice and have no proper place in our legal system. A lawyer should be courteous to opposing counsel and should accede to reasonable requests regarding court proceedings, settings, continuances, waiver of procedural formalities, and similar matters which do not prejudice the rights of the client. A lawyer should follow the local customs of courtesy or practice unless the lawyer gives timely notice to opposing counsel of the intention not to do so. . . ."

Va. Sup. Ct. R. pt. 6, sec. II [Rules of Professional Conduct], R. 3.4, Virginia Comment 8.

A widely respected judge, Wayne E. Alley of the United States District Court for the Western District of Oklahoma, once wrote:

> If there is a hell to which disputatious, uncivil, vituperative lawyers go, let it be one in which the damned are eternally locked in discovery disputes with other lawyers of equally repugnant attributes.

*Krueger v. Pelican Prod. Corp.*, No. 87-2385-A (W.D. Okla. Feb. 24, 1989).

I am certain that none of you in any way intends or wishes to be characterized as uncivil — never mind disputatious or vituperative. I would be remiss, however, if I did not remind you, while you stand at the top of the slope, that it is a slippery one. And, I respectfully suggest to you, as I have suggested to others in recent CLE presentations, that there is sound counsel to be found in this speech from the Pulitzer-Prize-winning play *Harvey*:

> You know, years ago, my mother used to say to me, "in this world Elwood, you must be" — she always call me Elwood, "in this world Elwood, you must be Oh so smart, or Oh so pleasant." Well for years I was smart. I recommend pleasant. You may quote me.

Mary Chase, *Harvey* (1944). This speech, as delivered by James Stewart, is familiar to many from the 1950 film version of *Harvey*, which Ms. Chase co-wrote.

When Miami lawyer Robert C. Josesfberg delivered his annual address as the Dean of the International Academy of Trial Lawyers, he asked, "[w]hat is civility," and answered with these words:

> Civility is courtesy, dignity, decency, and kindness. It has been defined in the Virginia Bar Association's Creed as follows:
>
> Courtesy is neither a relic of the past nor a sign of less than fully committed advocacy. Courtesy is simply the mechanism by which lawyers can deal with daily conflict without damaging their relationships with their fellow lawyers and their own well-being.
>
> Civility is not inconsistent with zealous advocacy. You can be civil while you are aggressive, upset, angry and intimidating; you are just not allowed to be rude. Unfortunately, some lawyers and the public do not understand the differences.

Quoted in John W. Frost, II, "The Topic Is Civility — You Got a Problem With That?" LXXI *Fla. Bar J.*, No. 1 (January 1997) at 6-8.

While I was writing this letter (in fact, after I had finished my draft of this part of the letter), I discovered in my in-box the January 2013 issue of the *ABA Journal*, in which the cover story is about "Keeping It Civil." That article's author noted that "the most effective tools for erasing incivility in the profession may be the judges and lawyers willing to tamp down uncivil behavior the moment it emerges." G. M. Filisko, "You're Out of Order: Dealing With the Costs of Incivility in the Legal Profession," 98 *ABA Journal* No. 1 (January 2013), at 35. And it is for that reason that I write now.

I have, I am sure, said more than enough on this subject. Having reviewed the documents filed in anticipation of the now-postponed hearing, I now address some of the questions scheduled to be argued.

### *Motions To Compel*

Please permit me to remind you of some often-overlooked provisions of Rules 4:12 and 4:15 of the Rules of the Supreme Court of Virginia.

Rule 4:12, the rule that authorizes motions to compel discovery, provides, in part, that a motion for an order compelling discovery "must be accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

Similarly, Rule 4:15, the rule under which "[a]ll civil case motions in circuit court shall be scheduled and heard," enjoins counsel of record to:

> make a reasonable effort to confer before giving notice of a motion to resolve the subject of the motion and to determine a mutually agreeable hearing date and time. The notice shall be accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

In this court's view, the word "confer" means, at least, "talk."

> I understand the word "confer" in Rule 4:15 to mean "to hold conversation or conference." *Webster's Third New International Dictionary* at 475. That is, to confer is to discuss, not to send dueling letters to the court or e-mails to opposing counsel. The word, derived from the Latin *conferre* (to bring together), *id.*, connotes to me actual discussion, in person or by telephone. No Rule 4:15 certificate should be filed unless "conferred" and "confer" are used in that way.

*Vogen Funding, L.P. v. Wener*, 81 Va. Cir. 100, 101 (City of Roanoke, 2010); *see also* Michael P. Gardner, "View from the Bench: Judge Weckstein," *Roanoke Bar Review*, September 2012, at 2.

I suggest that counsel use the time that you had set aside for the hearing to meet and confer in a good-faith effort to resolve your discovery disputes. Please remember that few, if any, clients have ever gone into a lawsuit hoping to pay their lawyers large sums to litigate discovery issues; fewer still have been happy to do so. Please consider the use of protective orders, including, perhaps, protective orders which, pending further order, limit counsel from disclosing, even to their clients, the contents of specified documents, such as tax returns. You might even consider the possibility of having such documents delivered, under protective order, to an expert designated by counsel for the requesting party, for the expert to examine the documents and give an opinion about whether he or she believes that the document in question will be usable in the manner contemplated by counsel. To the extent that you cannot agree on production of documents, please be prepared to furnish the requested documents for *in camera* judicial review.

### Length and Timing of Briefs

I also call your attention to the provisions of Rule 4:15 concerning the length and timing of briefs:

(c) *Filing and Service of Briefs* — Counsel of record may elect or the court may require the parties to file briefs in support of or in opposition to a motion. Any such briefs should be filed with the court and served on all counsel of record sufficiently before the hearing to allow consideration of the issues involved. Absent leave of court, if a brief in support of a motion is five or fewer pages in length, the required notice and the brief shall be filed and served at least 14 days before the hearing and any brief in opposition to the motion shall be filed and served at least seven days before the hearing. If a brief will be more than five pages in length, an alternative hearing date, notice requirement, and briefing schedule may be determined by the court or its designee. Absent leave of court, the length of a brief shall not exceed 20 pages double spaced.

Va. Sup. Ct. R. 4:15(c).

I expect to be reasonable about this and expect counsel to be reasonable, but I do note that no provision of the Rules excludes supporting documents or appendices from the page limits of Rule 4:15(c).

I understand, without anyone needing to say so, that the things that prompted me to write this letter stemmed not from any innate lack of professionalism or incivility, but only from the desire to furnish zealous and effective representation.