COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Petty
Argued at Salem, Virginia


TRACY LYNN MABE

OPINION BY
v.        Record No. 1729-07-3                      JUDGE ROBERT P. FRANK
JANUARY 27, 2009
WYTHE COUNTY DEPARTMENT
  OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF WYTHE COUNTY
Josiah T. Showalter, Jr., Judge

(R. Christopher Munique; Lacy, Campbell & Munique, P.C., on
brief), for appellant.  Appellant submitting on brief.

S. Vernon Priddy III (Michael R. Bedsaul; Jonathan M. Venzie,
Guardian *ad litem* for the minor children; Sands, Anderson Marks,
& Miller, P.C., on brief), for appellee.


The residual parental rights of Tracy Lynn Mabe, appellant, were terminated by orders

entered June 26, 2007.  On appeal, appellant contends the trial court erred in:  1) finding the

evidence sufficient to terminate; and 2) refusing to continue the termination hearing for a period

sufficient to transport appellant from federal custody to the hearing.  For the reasons stated, we

find the trial court abused its discretion in not granting the continuance and reverse the judgment

of the trial court.

BACKGROUND

The Wythe County Juvenile and Domestic Relations District Court terminated appellant's

residual parental rights to her children T.A. and G.A. by orders entered March 16, 2007.

Appellant appealed those orders to the Circuit Court for Wythe County.  The termination hearing

was set for April 24, 2007, but appellant was not present because she was in federal custody

serving an active sentence. On June 5, 2007, the trial court entered a writ of habeas corpus *ad testificandum* directing appellant to be returned from federal custody from Arizona to Wythe County Circuit Court on June 20, 2007.[1] Federal authorities did not deliver appellant by June 20, 2007. Appellant's counsel[2] moved for a continuance to enable appellant to be present for the termination hearing.

The trial court granted appellant's motion for a continuance and continued the matter for six days, until June 26, 2007, indicating it would not "grant a longer continuance in order to give the federal authorities an opportunity to return [appellant] to Wythe County Circuit Court." Appellant objected to the brief continuance, endorsing the order, "Seen and objected to for the short continuance which will not allow [appellant] present for the trial of this matter."

On June 26, 2007, the trial court proceeded with the termination hearing without appellant's presence. At that hearing, appellant's guardian *ad litem* did not move for another continuance.

The trial court terminated appellant's residual parental rights pursuant to Code § 16.1-283(C) finding appellant, without good cause, has been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or rehabilitative agencies to such end.

---

[1] A writ of habeas corpus *ad testificandum* is "a writ used in civil and criminal cases to bring a prisoner to court to testify." Black's Law Dictionary 715 (7th ed. 1999). See also United States v. Poole, 531 F.3d 263, 267 n.9 (4th Cir. 2008).

[2] Due to appellant's incarceration, the trial court appointed counsel as appellant's guardian *ad litem*.

Appellant did not endorse the termination orders, and the statement of facts in lieu of a transcript did not indicate appellant noted any objection to the trial court's ruling.

This appeal follows.

## ANALYSIS

Appellant first contends the evidence was insufficient to terminate her parental rights under § 16.1-283(C). As indicated above, appellant did not challenge the sufficiency of the evidence below. Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citing Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)). We will not consider a claim of trial court error as a ground for reversal "where no timely objection was made." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998). Thus, we will not consider the sufficiency of the evidence on appeal.

Appellant challenges the trial court's failure to continue the matter for a sufficient length of time to enable her presence at the hearing. She argues that the short continuance violates the principles enunciated in Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 645 S.E.2d 261 (2007). Essentially, appellant maintains that because she was being held in federal custody in Arizona, a continuance of six days is the denial of a continuance. Wythe County Department of Social Services (DSS) responds that this issue is defaulted because the record does not reflect that appellant's guardian *ad litem* moved for a continuance on June 26, 2007. We disagree with DSS.

The record clearly shows that appellant, through counsel, objected to a continuance of six days at the June 20, 2007 hearing.  At that time, the trial court was put on notice of appellant's position that such a brief continuance could not guarantee appellant's presence.  Counsel, as guardian *ad litem*, did not need to object again at the June 27 hearing because the issue was squarely before the court, and the court had already ruled that it would not grant a longer continuance.  See Ohree, 26 Va. App. at 308, 494 S.E.2d at 488.  Thus, we find DSS's contention without merit.

DSS also contends that appellant has defaulted this issue because the record does not indicate why appellant did not appear for the June 26, 2007 hearing, i.e., whether she chose not to appear or whether the federal authorities would not transport her.  We find that because the trial court had issued a writ of habeas corpus *ad testificandum*, appellant was powerless to choose whether or not she would attend the hearing.

Appellant was in federal custody in an Arizona prison.  The trial court issued a writ of habeas corpus *ad testificandum* ordering the federal authorities to produce appellant and transfer her to Wythe County.  A writ of habeas corpus *ad testificandum* was one of the early common law writs used "by the courts at Westminster, for removing prisoners from one court into another for the more easy administration of justice."  3 W. Blackstone, Commentaries on the Laws of England *129.  A writ of habeas corpus *ad testificandum* differs from a witness subpoena in that a witness subpoena orders the individual whose testimony is sought to attend the trial, while a writ of habeas corpus *ad testificandum* is directed to the custodian of the potential witness. United States v. Rinchack, 820 F.2d 1557, 1568 n.13 (11th Cir. 1987).  Prisoners transferred pursuant to writs of habeas corpus *ad testificandum* are presumed to be in the custody of the Attorney General of the United States indefinitely.  United States v. Bailey, 675 F.2d 1292, 1295

- 4 -

(D.C. Cir. 1982). At common law, the person to whom the writ was directed could "return no satisfactory excuse for not bringing up the body of the prisoner." 3 W. Blackstone, supra, *132.

Appellant's appearance was not discretionary; she did not have the luxury of choice in deciding whether to attend the hearing. Pursuant to Bailey, appellant was presumed to be in federal custody, and there was no evidence before the court that the federal authorities had ignored or refused the trial court's request. The court record contains no response that the federal authorities refused to honor the writ.[3]

DSS also claims the record does not reflect that appellant asked for an alternative procedure such as a telephonic or video-conferencing participation. Appellee cites no authority in support of this argument. Rule 5A:21(d) requires an appellee's brief to contain "[t]he principles of law, the argument, and the authorities relating to each question presented." DSS failed to cite any cases or authority in support of this argument. By failing to cite any authority, DSS has violated the provisions of Rule 5A:21(d). "'[S]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration.'" Epps v. Commonwealth, 47 Va. App. 687, 718, 626 S.E.2d 912, 926 (2006) (*en banc*) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)). Unlike the petition for appeal in Jay v. Commonwealth, 275 Va. 510, 659 S.E.2d 311 (2008), this brief does not give

---

[3] Transfer of federal inmates to state agents for production on state writs is governed by 28 CFR 527.31. Subsection (g) provides in relevant part:

> Transfer in civil cases pursuant to a writ of habeas corpus *ad testificandum* must be cleared through both the Regional Counsel and the Warden. Transfer ordinarily shall be recommended only if the case is substantial, where testimony cannot be obtained through alternative means such as depositions or interrogatories, and where security arrangements permit.

any legal basis for the Court to decide this issue.[4] We find that this failure to comply with Rule 5A:21 is significant, as appellee has provided no legal authority upon which we can decide this issue of first impression. Id. at 520, 659 S.E.2d at 317. Because DSS waived this issue, we will not consider this argument on appeal.

Finally, DSS asserts that appellant, through her guardian *ad litem*, did not proffer her proposed testimony. Under the facts of this case, we find a proffer was neither necessary nor relevant. Haugen addressed appellant's participation during the hearing. Participation might include conferring with counsel or simply observing the proceedings. Nothing in Haugen suggests appellant must testify. Indeed, appellant may have elected to remain silent, rendering the need for a proffer moot. Thus, we find no merit to this contention.

Finding no merit to the allegation by DSS that this final issue is defaulted, we now address whether appellant was prejudiced because of her inability to participate in the proceeding.

In Haugen, the mother was incarcerated in a federal prison but participated in the termination hearing by telephone. 274 Va. at 30, 645 S.E.2d at 262. Prior to the conclusion of the termination hearing, the federal authorities required Haugen to terminate her participation in the hearing. Id. The circuit court denied counsel's motion to continue and proceeded with the hearing, which lasted another ninety-one minutes. Id. at 30, 645 S.E.2d at 263.

The Supreme Court of Virginia reversed the termination order, reviewed the law of continuances, and concluded:

> The decision to grant a motion for a continuance is within the
> sound discretion of the circuit court and must be considered in

---

[4] We acknowledge that the document at issue in Jay, 275 Va. 510, 659 S.E.2d 311, was a petition for appeal rather than an appellee's brief. Because the rules governing the content of petitions for appeal and appellee's briefs are substantially similar, we find this factual difference immaterial to our analysis.

view of the circumstances unique to each case. The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant. Additionally, in the application of these principles, we will be guided by our holding over a century ago in Myers v. Trice, 86 Va. 835, 842, 11 S.E. 428, 430 (1890), that when a circuit court's refusal to grant a continuance "seriously imperil[s] the just determination of the cause," the judgment must be reversed.

274 Va. at 34, 645 S.E.2d at 265 (alteration and emphasis in original).

Further, the Supreme Court evaluated "prejudice" in light of the nature of termination of residual parental rights.

When a court terminates a parent's parental rights, the parent is divested of all legal relations to the child, and the parent has no legal right to even communicate or visit that child. "The termination of parental rights is a grave, drastic, and irreversible action. When a court orders termination of parental rights, the ties between the parent and child are severed forever, and the parent becomes 'a legal stranger to the child.' Shank v. Dept. Social Services, 217 Va. 506, 509, 230 S.E.2d 454, 457 (1976)." Lowe v. Department of Pub. Welfare of the City of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986).

274 Va. at 35, 645 S.E.2d at 265.

The Supreme Court concluded, "as a matter of common law, the circuit court should have granted the continuance. Haugen was prejudiced because she was unable to participate in an important portion of a proceeding in which she was rendered a legal stranger to her biological child." Id. [5]

Guided by the principles established by Haugen, we find that appellant was entitled to attend or otherwise participate in the hearing that terminated her parental rights. Given the irreversible action of a termination hearing, appellant was prejudiced because she was unable to

---

[5] The issue of whether a parent who was not physically present but participated by phone satisfied due process requirements was not before the Court in Haugen.

participate in the proceeding that rendered her a legal stranger to her biological children. We conclude that the trial court erred in not continuing the hearing under the facts of this case.[6]

Accordingly, we will reverse the judgment of the trial court and remand the case to the trial court for a new hearing if the DSS be so advised.

<u>Reversed and remanded.</u>

---

[6] Appellant also contends the trial court's action deprived her of her due process rights under the United States Constitution and the Virginia Constitution. Because we find in appellant's favor on her previous argument, we need not address this issue.