COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued at Chesapeake, Virginia


VICTOR CAMPOS

                                              MEMORANDUM OPINION* BY
v.        Record No. 2465-10-1           CHIEF JUDGE WALTER S. FELTON, JR.
                                                   OCTOBER 11, 2011
CHARLES HINSCH


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerrauld C. Jones, Judge

Rodney D. Malouf (Thomas & Associates, P.C., on brief), for
appellant.

Ryan B. Graves; Romy L. Radin, Guardian *ad litem* for the minor
child (Tavss Fletcher; Radin & Radin, P.C., on brief), for appellee.


Victor Campos ("appellant"), the putative biological father of A.B., appeals an order

permitting the adoption of A.B. by Charles Hinsch ("appellee").[1]  Appellant, who was incarcerated

in Prince William County at the time of the hearing, asserts the Circuit Court of the City of Norfolk

("trial court") abused its discretion by denying his request for a continuance of the hearing to permit

his presence at a later date.  Finding no error, we affirm the ruling of the trial court.

I.  BACKGROUND

C.G.A. ("the birth mother"), an unmarried minor, became pregnant in late spring or early

summer of 2008.  In November 2008, prior to the child's birth, the birth mother signed an

entrustment agreement naming appellee as the adoptive parent of the child and surrendering the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The child is identified herein as A.B.

child to his care at birth. On December 18, 2008, appellee, by counsel, mailed a certified letter to appellant notifying him of the entrustment and proposed adoption and informing him of his right to register with the Virginia Putative Father Registry, pursuant to Code § 63.2-1250. The certified letter to appellant was returned by the U.S. Postal Service as "unclaimed." A.B. was born on January 29, 2009. A search of the Putative Father Registry on that date revealed that appellant had not registered. A.B., who left the hospital with appellee, has resided with appellee since birth.

On November 4, 2009, appellee petitioned the Juvenile and Domestic Relations District Court for the City of Norfolk ("JDR district court") to adopt A.B. The birth mother consented in writing to appellee's adoption of A.B. Appellant never visited or contacted A.B., and clearly did not visit or contact him within six months of the filing of appellee's petition for adoption.[2] Appellant did not execute a consent to the adoption of A.B. by appellee. The JDR district court appointed counsel to represent appellant during the adoption proceedings. Appellant's appointed counsel was thereafter present at each hearing held in the JDR district court and trial court related to A.B.'s adoption by appellee.

On August 4, 2010, at the hearing on A.B.'s adoption by appellee, the JDR district court found that appellant's consent to appellee's adoption of A.B. was being withheld contrary to the best interests of the child, and permitted appellee to proceed with the adoption of A.B.

Appellant appealed the JDR district court's granting of appellee's petition to adopt A.B. to the trial court. A hearing on appellee's petition for adoption was scheduled for November 1, 2010. Prior to October 21, 2010, appellant was incarcerated in Prince William County. On October 21, 2010, the trial court ordered, *inter alia*, that "[t]he trial will proceed on November 1, 2010 (despite

---

[2] Code § 63.2-1202(H) provides, in pertinent part, that "[n]o consent [to adoption] shall be required of a birth parent who, without just cause, has neither visited nor contacted the child for a period of six months prior to the filing of the petition for adoption."

- 2 -

incarceration of [appellant] [in Prince William County]).”[3]  Appellant's attorney endorsed the

October order as "seen and objected to."  No specific objections to the trial court rulings were made

a part of that order.

On November 1, 2010, the trial court heard appellee's petition to adopt A.B.  It ruled,

pursuant to Code § 63.2-1202(J),[4] that appellant's consent to the adoption was not required because

appellant failed to appear at the hearing on the petition after notice.  It also noted that appellant's

counsel was present in court.  The trial court ruled, pursuant to Code § 63.2-1233(2),[5] that

appellant's consent to the adoption was not required, finding that it was being withheld contrary to

the best interests of the child.  It granted appellee's petition to adopt A.B.  Appellant's attorney

signed the November 1, 2010 order as "seen and objected to," but failed to articulate any specific

objections to the trial court's rulings.  This appeal followed.  No transcript or statement of facts of

the proceedings was made part of the record on appeal pursuant to Rule 5A:8.[6]

---

[3] The order entered on October 21, 2010 contained several other rulings of the trial court, including the approval of Detective Gill of the Prince William County Police Department to testify telephonically and that a guardian *ad litem* was not necessary for appellant because he was represented by appointed counsel who was present in court for the hearing.

[4] Code § 63.2-1202(J) provides that "[t]he failure of the nonconsenting party to appear at any scheduled hearing, either in person or by counsel, after proper notice has been given to said party, shall constitute a waiver of any objection and right to consent to the adoption."

[5] Code § 63.2-1233(2) provides, in pertinent part:

> If the [trial] court finds that consent is withheld contrary to the best interests of the child, . . . or is unobtainable, it may grant the petition without such consent and enter an order waiving the requirement of consent of the nonconsenting birth parent and transferring custody of the child to the prospective adoptive parents.  No further consent or notice shall be required of a birth parent who fails to appear at any scheduled hearing, either in person or by counsel.

[6] Rule 5A:8 provides, in pertinent part, that a transcript becomes part of the record on appeal "when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment."  Rule 5A:8(a).  A written statement of facts in lieu of a transcript becomes part

## II. ANALYSIS

Appellant argues on appeal that the trial court erred in denying his request for a continuance of the adoption hearing to permit him to be present at a later date.

"[T]he decision to grant or deny a continuance lies in the sound discretion of the trial court." Snyder v. Commonwealth, 10 Va. App. 67, 70, 389 S.E.2d 727, 729 (1990). Absent "'a showing of abuse of discretion *and* resulting prejudice to the movant,'" we will not reverse the ruling of the trial court on a motion for a continuance on appeal. Mabe v. Wythe County Dep't of Soc. Servs., 53 Va. App. 325, 333, 671 S.E.2d 425, 429 (2009) (quoting Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007)).

A party aggrieved by a ruling of a trial court is required to provide a complete record to the appellate court to permit it to adjudicate the asserted errors of the trial court. Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Here, appellant failed to file transcripts or written statements of facts pursuant to Rule 5A:8 from either the October 2010 hearing, ordering the adoption hearing to be held in November, or the November 2010 adoption hearing. However, appellant asserts that he preserved his assertions of error by his noting his objections on the October and November orders.

Without a transcript or written statement of facts from the hearings themselves, we are unable to determine whether appellant provided the trial court any basis for his request for a continuance, and whether he lodged specific and timely objections to the trial court's ruling denying his requested continuance. A transcript or written statement of facts is "indispensable" to the resolution of appellant's assignment of error. Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986). Because appellant failed to comply with Rule 5A:8 by failing to provide

---

of the record on appeal when it is filed in the office of the clerk of the trial court within 55 days after entry of the final judgment and signed by the trial judge. Rule 5A:8(c).

- 4 -

transcripts or a written statement of facts reflecting his objections and rulings of the trial court on those objections, we will not consider on appeal his contention that the trial court abused its discretion in denying his motion for a continuance. Rule 5A:8(b)(4)(ii) ("When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered.").

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>