UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Chafin, Decker and AtLee
Argued at Richmond, Virginia

KEITH WAYNE ALVIS

MEMORANDUM OPINION[*] BY
JUDGE TERESA M. CHAFIN
APRIL 10, 2018

v.        Record No. 0914-17-2

AMANDA F. THORNTON
 AND SHAWN B. FOSTER

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Edward A. Robbins, Jr., Judge

(Bary W. Hausrath; The Law Office of Bary W. Hausrath, PLLC, on
brief), for appellant.  No argument for appellant.

No brief or argument for appellees.

On May 12, 2017, the Circuit Court of Chesterfield County granted a petition for the

adoption of M. over the objection of Keith Wayne Alvis, M.'s incarcerated biological father.  On

appeal, Alvis contends that the circuit court erred by denying his motion for the entry of a

transportation order enabling him to attend the adoption hearing and participate in the

proceedings.[1]  Under the circumstances of this particular case, we conclude that the circuit court

erred by denying Alvis's motion.

I.  BACKGROUND

"When reviewing a [circuit] court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In light of our resolution of this issue, we do not address Alvis's additional assignments
of error.

Boatright v. Wise Cty. Dep't of Soc. Servs., 64 Va. App. 71, 76, 764 S.E.2d 724, 727 (2014)

(quoting Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003)). So viewed,

the evidence is as follows.[2]

On June 20, 2016, Shawn B. Foster filed a petition to adopt M., his stepdaughter.

Amanda Thornton, Foster's wife and the biological mother of M., joined his petition and

consented to the adoption. The petition alleged that Alvis would likely withhold his consent to

the adoption contrary to the best interests of the child. As Alvis was a person under a disability

pursuant to Code § 8.01-2(6)(a) due to his prior felony convictions and current incarceration, the

petition requested the circuit court to appoint a guardian *ad litem* to represent him. The circuit

court subsequently appointed a guardian *ad litem* for Alvis on June 22, 2016.

On February 13, 2017, Alvis filed a motion for a transportation order. Alvis requested

the circuit court to enter an order directing officials from the Virginia Department of Corrections

to transport him to court on February 22, 2017, the day of the adoption hearing, to allow him to

testify and otherwise participate in the proceedings. Alvis stated that he planned to testify about

"his efforts to assert his parental rights" and "the quality of his previous relationship" with M.

He also planned to "respond to the specific factual allegations of the petition and expected

testimony regarding his past conduct." As other individuals were not available to testify on his

---

[2] As a preliminary matter, we note that the record does not contain a transcript of the adoption hearing or a timely filed written statement of facts describing the proceedings. In order to become part of the record, a written statement of facts must be filed in the office of the clerk of the circuit court within fifty-five days after the entry of a final judgment. See Rule 5A:8(c)(1). Alvis filed a written statement of facts on July 7, 2017, fifty-six days after the entry of the final order of adoption in this case. Therefore, the written statement of facts did not become a part of the record. Upon review, however, we conclude that the record of the present case is sufficient to allow us to address Alvis's argument regarding the denial of his motion for a transportation order, notwithstanding the absence of a transcript or written statement of facts pertaining to the relevant proceedings. See, e.g., Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986) ("If the record on appeal is sufficient in the absence of the transcript [or written statement of facts] to determine the merits of the appellant's allegations, we are free to proceed to hear the case.").

behalf, Alvis maintained that his testimony was necessary to allow the circuit court to determine whether the adoption of M. by Foster was in her best interests. Additionally, Alvis represented that Thornton and Foster did not object to his transportation or presence at the hearing.

The circuit court denied Alvis's motion on February 15, 2017. The circuit court's order denying the motion did not contain a detailed explanation of the reasoning supporting the decision. The order indicated, however, that the decision was based upon the consideration of Code § 8.01-410 and a report from the local department of social services filed with the circuit court pursuant to a prior order of reference.

Due to the denial of his motion for a transportation order, Alvis was not present at the adoption hearing held on February 22, 2017. He also did not participate in the hearing by telephone or video conference. At the conclusion of the hearing, the circuit court determined that Alvis's consent to the adoption was withheld contrary to M.'s best interests and granted the adoption petition.

On March 7, 2017, Alvis filed a detailed motion requesting the circuit court to reconsider its decision to deny his motion for a transportation order. Alvis explained that the crimes for which he was incarcerated were primarily nonviolent and did not involve Thornton or Foster. He also emphasized the grave consequences of the proceedings, noting that the adoption of M. and subsequent termination of his parental rights was essentially a "parental death penalty." Alvis maintained that his testimony would have been probative regarding many factors relevant to the adoption proceedings and that the denial of his motion for a transportation order prevented him from presenting evidence at the hearing. Under these circumstances, Alvis contended that the denial of his motion for a transportation order violated his due process rights guaranteed by the Fourteenth Amendment of the United States Constitution.

The circuit court denied Alvis's motion to reconsider on April 19, 2017, and entered an order memorializing the decision announced orally at the conclusion of the February 22, 2017 adoption hearing on May 12, 2017. Alvis timely appealed the circuit court's decision to this Court.

## II. ANALYSIS

On appeal, Alvis contends that the circuit court abused its discretion by denying his motion for a transportation order. We agree with Alvis.

Code § 8.01-410 addresses the appearance of incarcerated individuals as witnesses in civil cases. In pertinent part, that statute states:

> Whenever any party in a civil action in any circuit court in this Commonwealth requires as a witness in his behalf, an inmate in a state or local correctional facility as defined in [Code] § 53.1-1, the court, on the application of such party or his attorney may, in its discretion and upon consideration of the importance of the personal appearance of the witness and the nature of the offense for which he is imprisoned, issue an order to the Director of the Department of Corrections to deliver such witness to the sheriff of the jurisdiction of the court issuing the order. . . . The sheriff shall transport the inmate to the court to testify as such witness, and after he has testified and been released as such witness, the sheriff shall return the witness to the custody of the Department.

Code § 8.01-410. A court's decision to order the transportation of an incarcerated individual pursuant to Code § 8.01-410 will not be disturbed in the absence of an abuse of discretion. See Code § 8.01-410; Commonwealth ex rel. Va. Dep't of Corr. v. Brown, 259 Va. 697, 704, 529 S.E.2d 96, 100 (2000).

In its order denying Alvis's motion for a transportation order, the circuit court expressly noted that it considered the requirements of Code § 8.01-410 in reaching its decision. Presumably, the circuit court denied Alvis's motion after considering: 1) the importance of his testimony and personal appearance at the hearing, and 2) the nature of the offenses for which he was imprisoned. See Code § 8.01-410. The circuit court improperly weighed both factors. The

- 4 -

importance of Alvis's participation in the adoption hearing was heightened by the nature of the proceedings, and his prior criminal offenses did not justify prohibiting him from participating in the hearing.

In Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 645 S.E.2d 261 (2007), an incarcerated parent was not allowed to fully participate in a hearing regarding the termination of her parental rights. The circuit court presiding over the termination hearing refused to issue an order allowing the incarcerated parent to personally appear at the hearing. Id. at 29, 645 S.E.2d at 262. The circuit court, however, allowed the incarcerated parent to participate in the hearing by telephone. Id. at 30, 645 S.E.2d at 262. Although the incarcerated parent participated in the majority of the hearing, she was forced to stop participating when prison officials ordered her to leave the room where she accessed the telephone. Id. at 30, 645 S.E.2d at 262-63. Thus, the incarcerated parent did not participate in the last ninety-one minutes of the hearing or hear the testimony presented by the final two witnesses testifying in the case. Id. at 30, 645 S.E.2d at 263. Counsel for the incarcerated parent moved to continue the hearing until the incarcerated parent could resume her participation, but the circuit court denied the motion. Id.

In Haugen, the Supreme Court concluded that the circuit court abused its discretion by denying the incarcerated parent's motion to continue the case.[3] Id. at 34, 645 S.E.2d at 265. The Supreme Court noted that the termination of the incarcerated parent's parental rights would forever extinguish any legal relationship between the parent and the child. Id. at 35, 645 S.E.2d at 265. The Supreme Court then explained:

> In view of the "grave, drastic, and irreversible" effects of a
> judgment terminating a parent's parental rights, as a matter of

[3] We note that Haugen was also decided in the absence of a transcript of the relevant hearing or a written statement of facts describing the proceedings. See Haugen, 274 Va. at 32, 645 S.E.2d at 264.

- 5 -

> common law, the circuit court should have granted the continuance. [The incarcerated parent] was prejudiced because she was unable to participate in an important portion of a proceeding in which she was rendered a legal stranger to her biological child.

Id. (quoting Lowe v. Dep't of Pub. Welfare of the City of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)).

This Court addressed a similar situation in Mabe v. Wythe Cty. Dep't of Soc. Servs., 53 Va. App. 325, 671 S.E.2d 425 (2009). In Mabe, a parent facing proceedings to terminate her parental rights was incarcerated in an Arizona federal prison. Id. at 328, 671 S.E.2d at 426. Although the circuit court presiding over the proceedings issued a writ directing federal officials to transport the incarcerated parent to the termination hearing, the officials failed to transport the incarcerated parent to Virginia by the date of the hearing. Id. When counsel for the incarcerated parent moved to continue the termination hearing to allow the incarcerated parent to be present, the circuit court continued the case for six days. Id. at 328, 671 S.E.2d at 426-27. The incarcerated parent objected to the brief continuance, arguing that it did not provide sufficient time for her to be transported to Virginia. Id. at 328-29, 671 S.E.2d at 427. The circuit court overruled the objection and held the termination hearing six days later in the incarcerated parent's absence. Id. at 329, 671 S.E.2d at 427.

Following the principles set forth in Haugen, this Court concluded that the incarcerated parent "was entitled to attend or otherwise participate in the hearing that terminated her parental rights." Id. at 334, 671 S.E.2d at 428. This Court noted that the incarcerated parent did not voluntarily fail to attend or participate in the hearing. Id. at 331, 671 S.E.2d at 428. Like the Supreme Court in Haugen, this Court explained that the incarcerated parent "was prejudiced because she was unable to participate in the proceeding that rendered her a legal stranger to her biological children." Id. at 334, 671 S.E.2d at 429. Therefore, this Court concluded that the

circuit court abused its discretion by failing to continue the case until the incarcerated parent could participate in the hearing. Id.

Like the incarcerated parents in Haugen and Mabe, Alvis was prohibited from participating in a hearing that irreversibly severed his legal connection to his daughter. When the circuit court granted Foster's petition for adoption, it functionally terminated Alvis's residual parental rights pertaining to M. and ended his legal relationship with her. As the circuit court denied Alvis's motion for a transportation order, he could not attend the adoption hearing. Therefore, Alvis was denied the opportunity to testify and observe the proceedings.

Although Alvis's participation in the hearing through alternative methods may have assured him due process, see Brown, 259 Va. at 707, 529 S.E.2d at 102, the record of this case failed to establish that Alvis was offered *any* opportunity to participate in the adoption hearing. Alvis did not participate in the hearing by telephone like the incarcerated parent in Haugen. He also did not participate in the hearing via videoconferencing facilities that may have been available at the prison where he was incarcerated. As Alvis was prohibited from personally attending the adoption hearing and he did not participate in the hearing through other methods, he was denied any ability to participate in the "grave, drastic, and irreversible" proceedings at hand. See Haugen, 274 Va. at 35, 645 S.E.2d at 265; Mabe, 53 Va. App. at 333, 645 S.E.2d at 428.

We acknowledge that Haugen and Mabe involved the denial of an incarcerated parent's motion for a continuance, whereas the present case involves the denial of a motion for a transportation order pursuant to Code § 8.01-410. This distinction, however, is without importance. The denial of a motion for a transportation order in this case was the practical equivalent of the denial of the continuance motions in Haugen and Mabe. Like the denial of the

continuance motions in <u>Haugen</u> and <u>Mabe</u>, the denial of the motion for a transportation order prevented Alvis from participating in M.'s adoption hearing.

While the circuit court failed to appropriately weigh the importance of Alvis's participation in the adoption hearing, we also note that Alvis's prior criminal offenses did not support the circuit court's decision. The report from the local department of social services considered by the circuit court indicated that Alvis was currently incarcerated for convictions of "breaking and entering, grand larceny, and entering a house to commit assault and battery." These convictions, standing alone, did not justify the circuit court's decision to deny Alvis's motion for a transportation order. Although the report stated that Alvis was physically violent toward Thornton before his incarceration, both Thornton and Foster did not object to the motion for a transportation order or Alvis's presence at the hearing.

Under the circumstances of the present case, Alvis was prohibited from participating in the adoption hearing that resulted in the termination of his parental rights. While the circuit court may have ultimately assigned little weight to Alvis's testimony, he should have been allowed to participate in the adoption hearing. Following the principles established by <u>Haugen</u> and <u>Mabe</u>, we conclude that the circuit court abused its discretion by denying Alvis's motion for a transportation order without ensuring that Alvis had the opportunity to participate in the proceedings.

### III. CONCLUSION

In summary, we hold that the circuit court erred by denying the motion at issue in this case. Accordingly, we reverse the circuit court's decision and remand this case for a rehearing consistent with the views expressed in this opinion.

<u>Reversed and remanded.</u>