COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Callins and Frucci

LINDSAY K. HAMEL

v.     Record No. 2247-23-3

GALAX CITY DEPARTMENT
 OF SOCIAL SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 15, 2024

FROM THE CIRCUIT COURT OF GRAYSON COUNTY
H. Lee Harrell, Judge

(R. Christopher Munique; Lacy, Campbell & Munique, PC, on
brief), for appellant.

(Katie M. DeCoster; Joey D. Haynes, Guardian ad litem for the
minor child; Sands Anderson, PC; The Jackson Law Group, PLLC,
on brief), for appellee.

Lindsay K. Hamel ("Hamel") appeals from an order of the Circuit Court of Grayson

County ("circuit court") dismissing her appeal of an order terminating her parental rights entered

in the Galax Juvenile and Domestic Relations District Court ("JDR court").[1]  Hamel initially

failed to appear in the circuit court to prosecute her appeal from the JDR court order.  Hamel

then filed a motion for a new trial but also failed to appear for a hearing on that motion as well.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] The record in this case was sealed.  Hence, "[t]o the extent that this opinion mentions
facts found in the sealed record, we unseal only those specific facts, finding them relevant to the
decision in this case.  The remainder of the previously sealed record remains sealed."  *Brandon
v. Coffey*, 77 Va. App. 628, 632 n.2 (2023) (quoting *Levick v. MacDougall*, 294 Va. 283, 288 n.1
(2017)).

On appeal, Hamel contends that the circuit court erred by denying her motions for a continuance. Finding no error, we affirm.[2]

## I. BACKGROUND[3]

By order dated February 24, 2023, the JDR court terminated Hamel's residual parental rights to her child, B.D.,[4] under Code § 16.1-283(C). Hamel timely noted an appeal of the JDR determination to the circuit court. A trial de novo in the circuit court was scheduled for July 21, 2023. However, on that day, the parties, with Hamel present, jointly requested that the circuit court continue the trial to September 25, 2023, at 9:00 a.m. Although the circuit court granted the motion to continue, Hamel failed to appear for the rescheduled trial. The circuit court waited for Hamel's appearance for more than 30 minutes to no avail. Telephone calls from her counsel also went unanswered. The Galax City Department of Social Services (the "Department") was present and ready to proceed with witness testimony from experts, social workers, and B.D.'s foster parent. Counsel for Hamel eventually moved for a continuance which was opposed by the Department. Finding no good cause to continue the hearing, the circuit court denied the motion for a continuance and directed the Department to draft an order dismissing Hamel's appeal.

Before the circuit court entered a final order, Hamel filed a motion for a new trial contending that she had not appeared at the September 25, 2023 hearing "because she did not have a ride to court." Hamel also assured the circuit court that she would rectify the issue moving forward.

---

[2] After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

[3] "On appeal, 'we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below, in this case the [Galax City Department of Social Services].'" *Joyce v. Botetourt Cnty. Dep't of Soc. Servs.*, 75 Va. App. 690, 695 (2022) (quoting *Farrell v. Warren Cnty. Dep't of Soc. Servs.*, 59 Va. App. 375, 386 (2012)).

[4] We use initials to protect the minor child's identity.

The circuit court held "a telephonic hearing with counsel for the parties and the Guardian *ad litem* on October 11, 2023," and subsequently scheduled an evidentiary hearing for October 26, 2023, at 9:00 a.m. to afford Hamel the "opportunity to offer evidence to show good cause for her requested new trial." Hamel's counsel notified her of the hearing date and time, but Hamel did not appear for the evidentiary hearing either. The circuit court again waited for more than 30 minutes for Hamel to appear, allowed her counsel to "call her via telephone to attempt to make contact regarding her delay in appearing," and confirmed that she had not called the clerk's office. On the Department's motion, the circuit court dismissed her appeal, denying Hamel's motion for a new trial and motion for a continuance. Hamel appealed.

## II. ANALYSIS

### A. *Standard of Review*

"[W]hether to grant or deny 'a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case.'" *Bailey v. Commonwealth*, 73 Va. App. 250, 259 (2021) (quoting *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007)). "We will reverse 'a circuit court's ruling on a motion for a continuance . . . only upon a showing of abuse of discretion and resulting prejudice to the movant.'" *Shah v. Shah*, 70 Va. App. 588, 593 (2019) (alteration in original) (quoting *Haugen*, 274 Va. at 34). "The abuse of discretion standard draws a line—or rather, demarcates a region—between the unsupportable and the merely mistaken, between the legal error . . . that a reviewing court may always correct, and the simple disagreement that, on this standard, it may not." *Jefferson v. Commonwealth*, 298 Va. 1, 10-11 (2019) (alteration in original) (quoting *Reyes v. Commonwealth*, 297 Va. 133, 139 (2019)).

"[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely

- 3 -

because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). "Only when reasonable jurists could not differ can [an appellate court] say an abuse of discretion has occurred." *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005).

    B. *The circuit court did not err when it denied Hamel's September 25, 2023 motion for a continuance.*

Hamel contends that the circuit court erred by denying her September 25, 2023 motion for a continuance. Although Hamel failed to appear to prosecute her appeal, she now asserts that the circuit court abused its discretion by failing to grant her motion for a continuance and that as a result, she was severely prejudiced because she was unable to have a full trial on the merits in the circuit court. We disagree.

On July 21, 2023, at Hamel's request, the circuit court scheduled a de novo trial to commence at 9:00 a.m. on September 25, 2023. Hamel was physically present in the courtroom when the appeal was set for trial. Despite being on notice of the trial date for over two months, Hamel failed to appear for trial. Her failure to appear with its "grave, drastic, and irreversible" effects was not due to circumstances outside of her control. *Haugen*, 274 Va. at 34-35 (quoting *Lowe v. Dep't of Pub. Welfare*, 231 Va. 277, 280 (1986)); *see also Mabe v. Wythe Cnty. Dep't of Soc. Servs.*, 53 Va. App. 325, 330-31 (2009). Rather, she allegedly failed to appear because her arrangements for transportation to the trial fell through. The circuit court waited for her appearance for over 30 minutes while Hamel's counsel unsuccessfully attempted to reach her on her mobile phone. Moreover, the Department was prepared for trial with multiple witnesses in attendance ready to testify. Hence, we are unable to find that the circuit court abused its discretion in denying Hamel's September 25, 2023 motion for a continuance.

- 4 -

We also fail to find any resulting prejudice to Hamel from the denial of her requested continuance. The circuit court subsequently entertained Hamel's motion for a new trial thereby providing her with an opportunity to show good cause for the requested new trial at an evidentiary hearing. Despite her counsel informing her of the evidentiary hearing date, Hamel again failed to appear at the time set for the evidentiary hearing. Once again, the circuit court waited for over 30 minutes while Hamel's counsel attempted to contact her unsuccessfully by phone. Moreover, the circuit court even confirmed that Hamel had not contacted the circuit court clerk's office. Thus, any inability to present evidence in her defense did not result from the circuit court's denial of her motion for a continuance but from her own failure to appear to present evidence.

Thus, considering Hamel's repeated failures to appear as compounded by her refusal to communicate with her counsel and the court, we cannot find that the circuit court abused its discretion in denying her September 25, 2023 motion for a continuance.

C. *The argument that the circuit court erred in denying Hamel's October 26, 2023 motion for a continuance is waived.*

Hamel further contends that the circuit court also erred by denying her October 26, 2023 motion for a continuance. We find that her argument is waived because the record does not "contain[] transcripts or a written statement of facts necessary to permit resolution of [this] issue[]." Rule 5A:8(b)(4)(ii). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." *Id.* Here, because Hamel failed to ensure that either a transcript or written statement of facts was made a part of the record, she has waived this assignment of error.

A transcript or a written statement of facts is "necessary to permit resolution of" whether the circuit court erred in denying her October 26, 2023 motion for a continuance. "A court speaks through its orders and those orders are presumed to accurately reflect what transpired."

- 5 -

*McBride v. Commonwealth*, 24 Va. App. 30, 35 (1997). The record before us, including the circuit court's December 1, 2023 order, fails to indicate whether Hamel moved for a continuance during the evidentiary hearing held on October 26, 2023. Although both parties on brief indicate that Hamel's counsel moved for a continuance at the October 26, 2023 evidentiary hearing, the parties' briefs are not part of the record on appeal. *See* Rule 5A:7. In the absence of a timely filed transcript or a written statement of facts, we are left with only the circuit court's December 1, 2023 order which fails to indicate that Hamel's counsel moved to continue the October 26, 2023 hearing. Instead, the order only provides corroboration that Hamel's counsel moved for a continuance on the previously scheduled trial date of September 25, 2023.

Generally, "[i]n the absence of an objection, we deem the order of the [circuit] court to contain an accurate statement of what transpired." *Stamper v. Commonwealth*, 220 Va. 260, 280 (1979). Moreover, "[t]he burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (second alteration in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). Here, Hamel has failed to file a transcript or written statement of facts sufficient to establish that a motion for a continuance was made at the October 26, 2023 hearing. Thus, we are unable to determine whether the circuit court erred by denying an alleged motion not in the record. Hence, because a transcript or a written statement of facts is indispensable to the determination of the issue, *see Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009), the assignment of error is waived.

## III. Conclusion

For the foregoing reasons, we find no error. Thus, we affirm the circuit court's judgment.

*Affirmed.*