COURT OF APPEALS OF VIRGINIA

**UNPUBLISHED**

Present:   Judges Athey, Fulton and Lorish
Argued at Fairfax, Virginia


DWAYNE MYERS
                                                   MEMORANDUM OPINION* BY
v.        Record No. 0568-24-4                     JUDGE LISA M. LORISH
                                                   DECEMBER 9, 2025
DAVID DELLINGER


FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
Kevin C. Black, Judge

Rachel W. Logan (Logan & Logan PLC, on brief), for appellant.

(Bridget G. Madden; Juliet M. Bates, Guardian ad litem for the
minor child; Bates Law PLLC, on brief), for appellee.  Appellee
submitting on brief.


Dwayne Myers ("father") appeals the circuit court's final order of adoption of his child in

favor of David Dellinger.  Father argues that the trial court erred in denying his motions to

continue and to participate by phone in an adoption hearing that resulted in the termination of his

parental rights.  Father was in custody and unable to participate in this hearing where his

fundamental rights as a parent were at stake.  Thus, we conclude the circuit court abused its

discretion in denying father's motion to continue and reverse.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

Under familiar appellate principles, we state the facts in a light most favorable to

Dellinger, the prevailing party below. *Norfolk S. Ry. Co. v. Sumner*, 297 Va. 35, 37 (2019).

Father and Ashley Myers ("mother") are the biological parents of the minor child. The child has

lived with Dellinger, her uncle, since she was two months old. Dellinger's wife, the child's aunt,

had sole legal and physical custody of the child until the wife's death. After his wife's death,

Dellinger received sole legal and physical custody of the child in 2021.

In August 2022, Dellinger filed a petition for adoption by a close relative with the circuit

court, naming father and mother as respondents. Father and mother did not consent to the

adoption. The court scheduled a hearing for November 2023.

Father was incarcerated at the time. He was transported from custody to appear with his

court-appointed counsel at the November hearing. Mother appeared late and requested

court-appointed counsel. The court appointed an attorney for mother and continued the case to

December 14 to allow mother's counsel to prepare for the hearing.

On December 14, the court scheduled the petition hearing for Tuesday, February 13,

2024 at 2:30 p.m. Father was released from incarceration and enrolled in a drug treatment court

program in January 2024. Father began the drug court program on January 23, and he was

scheduled to appear in drug court weekly on Tuesdays at 2:00 p.m.

On February 12, father moved for a continuance of the adoption hearing because he was

scheduled for a drug court appearance in Winchester at 2:00 p.m., approximately 40 minutes

away from the location of the adoption hearing. The motion attached a letter from father's

---

[1] The record in this case was sealed. To the extent this opinion discusses facts contained in the record, we unseal only the specific facts stated in this opinion; the remainder of the record remains sealed. *Brown v. Va. State Bar ex rel. Sixth Dist. Comm.*, 302 Va. 234, 240 n.2 (2023); *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

probation officer, dated February 12, verifying that father was scheduled to appear in Winchester on February 13, 2024 at 2:00 p.m.

Father's counsel, mother, mother's counsel, Dellinger, and Dellinger's attorney all appeared for the adoption hearing on February 13. Mother joined in father's motion to continue the matter, citing the need to call father as a material witness, and the court took the motion to continue under consideration for 60 minutes to allow father the opportunity to appear after his drug court appearance concluded. Father's counsel made a new oral motion to allow him to participate by phone. The court denied this new motion to allow participation by phone. While the original motion to continue was still before the court, father's counsel reported that he had been detained by law enforcement and was unable to appear. Father's counsel then renewed the outstanding request for a continuance. At that point, the court denied the motion to continue, noting its belief that "at the time his drug court appearance was scheduled, [father] could have made arrangements with the Winchester/Frederick Circuit Court to accommodate the hearing on the Petition for Adoption." Therefore, father was not present at the hearing.

Following testimony and argument, the circuit court made findings related to each factor in Code § 63.2-1205, none of which favored the parents' withholding of consent to the adoption. The court then decreed that father and mother had withheld consent to the adoption contrary to the best interests of the child and granted Dellinger's petition for adoption. This appeal followed.

ANALYSIS

"The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case." *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007). "The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant." *Id.* "[T]he abuse of discretion standard requires a reviewing court to show enough deference to [the trial court's] judgment that [it] does not reverse merely because it would have come to a different result in the first instance." *Harvey v. Flockhart*, 65 Va. App. 131, 142 (2015) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). "Accordingly, 'when a decision is discretionary . . . the court has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Id.* (alterations in original) (quoting *Lawlor*, 285 Va. at 212-13)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Bailey v. Commonwealth*, 73 Va. App. 250, 265 (2021) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)). But "when a circuit court's refusal to grant a continuance 'seriously imperil[s] the just determination of the cause,'" it has abused its discretion and we must reverse the judgment. *Haugen*, 274 Va. at 34 (alteration in original) (quoting *Myers v. Trice*, 86 Va. 835, 842 (1890)).

"'[T]he interest of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests recognized by' the United States Supreme Court." *Geouge v. Traylor*, 68 Va. App. 343, 368 (2017) (alterations in original) (quoting *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion)). "Due process requires that 'fundamentally

fair procedures' be employed in parental termination cases." *Toms v. Hanover Dep't of Soc. Servs.*, 46 Va. App. 257, 274 (2005) (quoting *Santosky v. Kramer*, 455 U.S. 745, 754 (1982)).[2]

Father argues that the trial court abused its discretion by denying his motion for a continuance, relying primarily on *Haugen* and *Mabe v. Wythe County Department of Social Services*, 53 Va. App. 325 (2009). In *Haugen*, both parents were incarcerated in federal prison outside of Virginia. 274 Va. at 29. The circuit court denied a writ of habeas corpus to allow one of the parents to attend a termination of parental rights hearing. *Id.* Instead, the court directed the parents to attend by telephone. *Id.* at 29-30. Several hours into the hearing, the federal prison authorities directed the parent to terminate her phone call. *Id.* at 30. The circuit court denied the parent's motion for a continuance, and the hearing proceeded without her for approximately an hour and a half with two additional witnesses testifying. *Id.* On appeal, the Supreme Court held that "the circuit court abused its discretion by ruling that [the parent] was not entitled to a continuance when the federal prison authorities directed her to terminate her telephone participation in the hearing to terminate her parental rights." *Id.* at 34. Given "the 'grave, drastic, and irreversible' effects of a judgment terminating a parent's parental rights, as a matter of common law, the circuit court should have granted the continuance." *Id.* at 35 (quoting *Lowe v. Dep't of Pub. Welfare of the City of Richmond*, 231 Va. 277, 280 (1986)). The court also noted that the parent "was prejudiced because she was unable to participate in an important portion of a proceeding in which she was rendered a legal stranger to her biological child." *Id.*

And in *Mabe*, one of the parents did not attend a scheduled hearing in a termination of parental rights proceeding because she was serving an active sentence in federal custody. 53 Va. App. at 328. The circuit court entered a writ of habeas corpus *ad testificandum* 15 days

---

[2] While this case does not involve a termination of parental rights hearing, it implicates the same liberty interests because the termination of parental rights is "a prerequisite for adoption." *Simms v. Alexandria Dep't of Cmty. & Hum. Servs.*, 74 Va. App. 447, 467 (2022).

before the rescheduled hearing, directing the parent to be returned from federal custody in Arizona to the circuit court. *Id.* When federal authorities did not deliver the parent to the hearing, the court continued the case for six days. *Id.* The court also indicated that it would not "grant a longer continuance in order to give the federal authorities an opportunity to return" the parent to the circuit court. *Id.* The parent objected because a six-day continuance was insufficient to permit her to be present. *Id.* at 328-29. At the rescheduled hearing, the parent's guardian ad litem was present, but the parent was not. *Id.* at 329. Following the hearing, the court terminated the parent's residual parental rights. *Id.* We reversed on appeal, finding that "appellant was entitled to attend or otherwise participate in the hearing that terminated her parental rights" and citing *Haugen. Id.* at 334. We explained that appellant "was powerless to choose whether or not she would attend the hearing," and "[g]iven the irreversible action of a termination hearing, appellant was prejudiced because she was unable to participate in the proceeding that rendered her a legal stranger to her biological children." *Id.* at 330, 334.

Likewise, here, father was unable to attend the adoption hearing due to circumstances outside of his control. While incarcerated, father was transported to appear at a November 2023 hearing for the adoption case, but that case was continued so that mother could consult with court-appointed counsel. In December 2023, counsel for the parties and the court rescheduled the adoption hearing for Tuesday, February 13, 2024 at 2:30 p.m. At that time, father was still incarcerated, and a transportation order had been entered such that he would be brought to court for the hearing. After father was released, a court order required him to participate in drug court. As part of drug court, he was required to be at a hearing, located 40 minutes away from the Shenandoah County Circuit Court, at 2:00 p.m. on February 13, 2024. Accordingly, father filed a motion for a continuance in the Shenandoah County Circuit Court, providing verification from his probation officer that he was required to be in drug court during the same time as the

adoption hearing. His counsel appeared and verbally requested a continuance. At 2:30 p.m., when the adoption hearing was scheduled to begin, the circuit court took the matter under advisement "for sixty minutes to allow [father] to appear" after his drug court proceeding ended. By 3:30 p.m., however, when the hearing was then set to begin, father's counsel informed the court that "she had become aware that [father] had been detained by law enforcement and could not appear in the trial court for the hearing." Father's counsel then renewed the still-pending motion for a continuance. At that time, the court denied the motion to continue.

While there was no way father could have attended the hearing when it was set to begin at 3:30 p.m. on February 13, the circuit court stated its belief that father could have arranged to reschedule his drug court appearance. It is possible that father could have rescheduled, or been excused from, his drug court appearance, but there is no evidence to support this assumption in the record. Father was only ordered to complete drug treatment on January 16 and 17, 2024, and his first drug court meeting was January 23, 2024. His counsel filed the motion for a continuance on February 12, 2024, the same day that she received a letter from father's probation officer confirming that he was required to attend court on February 13 at 2:00 p.m. Nothing in the record supports the assumption that he could have rescheduled that court appearance.

As in *Haugen* and *Mabe*, father was prevented from attending the hearing by circumstances outside of his will.[3] Like in those cases, father was in custody when the hearing

---

[3] Dellinger argues that father's inability to attend the hearing resulted from his own choice to attend the drug court hearing instead of the adoption hearing. But the court effectively continued the adoption hearing until 3:30 p.m. to allow father the time that was necessary to do both. And by the time the hearing was set to begin at 3:30 p.m., it was impossible for father to attend because he had been detained. It was only after the court was informed of his detention that the court denied the pending motion to continue. While it is tempting to assume that father would not have been detained had he ignored the order requiring him to go to drug court, nothing in our caselaw requires a parent to ignore a court order to vindicate their constitutional rights. The record is silent as to why father was taken into custody. Regardless of what led to his detention, we cannot conclude that father chose to miss the hearing by deciding to undertake a

was set to begin at 3:30 p.m. and was therefore "powerless to choose whether or not [he] would attend the hearing." *Mabe*, 53 Va. App. at 330. Given the "grave, drastic, and irreversible" effects of a judgment terminating a parent's parental rights, the "circuit court's refusal to grant a continuance 'seriously imperil[ed] the just determination of the cause.'" *Haugen*, 274 Va. at 34-35 (quoting *Myers*, 86 Va. at 842). We therefore find that the circuit court abused its discretion in denying father's motion to continue.

We also find that this abuse of discretion resulted in prejudice to father. Because heightened liberty interests are at stake, due process guarantees a parent a meaningful opportunity to participate in a hearing that could result in the termination of that parent's parental rights. *See id.* at 35 (finding prejudice where appellant was "unable to participate in an important portion of a proceeding in which she was rendered a legal stranger to her biological child"); *Mabe*, 53 Va. App. at 334 (applying *Haugen* to find prejudice where appellant was "unable to participate in the proceeding that rendered her a legal stranger to her biological children").[4]

CONCLUSION

Accordingly, the judgment is reversed and remanded for a new adoption hearing.

*Reversed and remanded.*

---

course of action that ultimately led to his detention. Neither the Supreme Court, nor our Court, considered in *Haugen* or *Mabe* that, had the appellant not committed the crime that resulted in their incarceration, they would have been free to attend the hearings. Rather, the Court looked to the appellant's reason for being unable to attend the hearing at the time the lower court considered the motion to continue.

[4] Having found that the circuit court should have granted the continuance, we do not reach father's argument that he should have been permitted to testify by telephone pursuant to Code § 17.1-513.2.